**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE GIANNINI, individually and on behalf of a class of similarly situated persons,<br><br>        Plaintiff,<br>  v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendant. | Case No. 1:20-cv-03208<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

NOW COMES, Plaintiff NICOLE GIANNINI, by and through here counsel, James C. Vlahakis, and asserts a putative class action against Defendant MIDLAND CREDIT MANAGEMENT, INC.

**I. Parties, Jurisdiction and Venue**

1. Plaintiff is a citizen of the State of Illinois and resides in this judicial District.

2. Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

3. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business San Diego, California 92108.

4. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and its principal purpose is the purchase of and collection of consumer debts.

1

5. MCM routinely collects defaulted consumer debts purportedly owned by Midland Funding, LLC.

6. From time to time, MCM purports to collect defaulted consumer debts that is claims to own.

7. Prior to January 1, 2019, MCM did not collect debt that it purportedly owned.

8. Prior to January 1, 2020, MCM did not collect debt that it purportedly owned.

9. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

10. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this District and MCM routinely mails collection letters and envelopes to addresses within this District for the purpose of collecting consumer debts.

11. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

12. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

## II. Summary of the Purpose of the FDCPA

13. The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose". 15 U.S.C. § 1692. In particular, § 1692 states as follows:

> **(a) Abusive practices**
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> **(b) Inadequacy of laws**
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> **(c) Available non-abusive collection methods**
>
> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> **(d) Interstate commerce**
>
> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> **(e) Purposes**
>
> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

14. One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

15. In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

16. Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

17. Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than

3

misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

18. The FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

### III. Background Regarding MCM's Willingness to Violate the FDCPA

19. The case of *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), the Seventh Circuit held that MCM violated the clear language of §1692f(8) when it sent a collection letter to an Illinois consumer inside of an enveloped that was marked with the words "**TIME SENSITIVE DOCUMENT**".

20. In reversing the district court's order granting MCM 12(b)(6) motion, the Seventh Circuit held as follows:

> We conclude that the language of § 1692f(8) is clear, and its application does not lead to absurd results. To the contrary, the prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8).
>
> \* \* \*
>
> On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).
>
> \* \* \*
>
> The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language.
>
> \* \* \*
>
> Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Preston*, 948 F.3d 776-77, 781, 783-84 (emphasis in original).

21. The *Preston* decision was issued on January 21, 2020.

22. Following the *Preston* decision, MCM did not stop mailing collection letters to residents of this Judicial District.

### IV. MCM's Collection Efforts With Plaintiff

23. Plaintiff obtained credit (the "Subject Debt") from Comenity Bank in the form of a "Victoria's Secret" branded Credit Card.

24. Plaintiff incurred the Subject Debt for personal and household expenses.

25. Plaintiff, thereafter, feel into difficult times financially and was unable to pay off her purchases.

### V. MCM's Collection Efforts Relative to the Subject Debt

26. In an attempt to collect the Subject Debt, MCM mailed collection letters to Plaintiff.

27. In one letter, dated February 29, 2020, MCM startedoff by saying "Welcome. Your account has a new home." The February 29, 2020, letter listed "Comenity Bank" as the "Original Creditor" and reflected a "Current Balance" of $481.22.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debt.

29. In violation of Section1692f(8) of the FDCPA, MCM mailed the February 29, 2020, to Plaintiff inside of an white envelope marked with the words "**TIME SENSITIVE DOCUMENT**".

30. On information and belief, Plaintiff recalls that MCM has mailed another collection letter to her inside of MCM envelope marked with the words "**TIME**

**SENSITIVE DOCUMENT**" or where the envelope was embossed with the words that said "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

31. MCM has conducted research that demonstrates that unsophisticated and least sophisticated consumers are more likely to open collection letters sent in Envelopes marked as "**TIME SENSITIVE DOCUMENT(S)**" or embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" than plain envelopes that do not contain the quoted words.

32. Reading the words **TIME SENSITIVE DOCUMENT** caused Plaintiff to worry about the contents of the unknown letter. Plaintiff immediately grew nervous anxious to learn the contents of the letter.

33. She suffered more anxiety and worry *as* she read the enclosed "Welcome!" letter.

34. Plaintiff's sense of stress, anxiety and worry was intensified *after* she read the letter because she could not understand what she was missing in relation to the February 29, 2020 being "time sensitive" She searched and re-read critical dates, settlement offers, or payment due dates.

35. Plaintiff contacted legal counsel to better understand why MCM used the words **TIME SENSITIVE DOCUMENT** on the Envelope in question.

36. Notably, *Preston* held that MCM's use of the Envelope is *precisely the type of conduct that Section 1692f(8) the FDCPA was enacted to prohibit*:

> In providing certainty, this provision furthers the FDCPA's overall purpose of "eliminat[ing] abusive debt collection practices by debt collectors" and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."

*Preston*, 948 F.3d at 784.

37. Plaintiff suffered real and concrete harm because MCM communicated with him in a manner prohibited by the FDPC

6

### VI. Causes of Action

**Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA**

38. Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

39. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

41. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

42. The use of the phrase **TIME SENSITIVE DOCUMENT** on the Envelope sent to Plaintiff violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

43. MCM's use of the words **TIME SENSITIVE DOCUMENT** violated Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

44. Plaintiff immediately opened the Envelope because it contained the words **TIME SENSITIVE DOCUMENT(S)**.

45. MCM's use of the words **TIME SENSITIVE DOCUMENT** violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

46. MCM's use of the words **TIME SENSITIVE DOCUMENT** violated Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

   a. declare that the Time Sensitive Envelope violates Section 1692f(8) of the FDCPA;

   b. enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

   c. award Plaintiff statutory damages of up to $1,000; and

   d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Claim for Violations of Section 1692f(8) of the FDCPA**

47. Plaintiff NICOLE GIANNINI realleges the above paragraphs as though fully set forth herein.

48. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an envelope marked with the words **TIME SENSITIVE DOCUMENT** within one year of the filing of this lawsuit.

49. MCM's use of the words **TIME SENSITIVE DOCUMENT** on form collection envelopes that MCM used to send collection letter to consumers in this district satisfies the elements of typicality, commonality, predominance and superiority.

50. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

51. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

52. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Comenity Bank "Victoria's Secret" branded credit card account and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**".

53. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor. The proposed class can be defined by MCM's records.

WHEREFORE, Plaintiff NICOLE GIANNINI respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Envelope violates Section 1692f(8) of the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

Plaintiff Demands a Jury Trial,

Respectfully submitted, on behalf of
Plaintiff NICOLE GIANNINI,

*/s/ James C. Vlahakis*
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
Email:  jvlahakis@sulaimanlaw.com

Date: 5/30/2020